CENTRAL DISTRIBUTING COMPANY, Appellant, v. LOUIS A. MULRONEY, Appellee.

**CORPORATIONS:** Subscription to Stock—Defense to Note. In an action by a corporation on a note given as the purchase price of unissued stock, it is quite immaterial that the maker of the note was, in other sales of stock, the agent of the corporation, and was credited with and accepted a commission on his subscription for that part of the subscription in excess of the note.

**CORPORATIONS:** Subscription to Stock—Nonnecessity to Appraise Note. A promissory note given to a corporation as the purchase price of unissued stock need not be appraised by the executive council. (Sec. 1641-b, Code Supp., 1913.)

*Appeal from Webster District Court.*—R. M. WRIGHT, Judge.

JUNE 22, 1923.

ACTION on a promissory note executed in payment for stock in plaintiff company. Jury was waived, and case was tried to the court. Facts appear in the opinion.—*Reversed and remanded.*

*Mitchell & Files* and *E. P. Mulholland,* for appellant.

*Kelleher & Mitchell* and *Price & Burnquist,* for appellee.

ARTHUR, J.—The facts are stipulated. There was stipulation also as to the issues presented to the trial court. Appellant is an Iowa corporation. On the 27th day of August, 1920, appellant company and appellee, Mulroney, entered into a contract, whereby appellee became the fiscal agent of appellant company for sale of its capital stock. By the terms of the agency contract, appellee's "entire compensation for his services on all sales turned over to the first party [appellant company] shall be 20 per cent." Appellee was authorized to deduct and retain his commission from all sales out of the cash received by him at the time of making sales; he was to accept not less than 30 per cent of all sales made by him at the time of making such sales; he was to comply with the laws of Iowa in soliciting applications for sale of stock; he was to make reports and remittances on sales, and was permitted to retain only his commission on account of sales; all other funds received by him were to be remitted to the company; and he was not to make any resale contracts. Under said agency contract, appellee sold 185 shares of stock to different parties, concerning which sales there is no controversy in this case.

Under date of September 2, 1920, Mulroney made a written application for 10 shares of stock, and agreed to pay therefor $100 per share, payable as follows: $300 in money, and the balance by promissory note of $700. Mulroney executed and delivered to plaintiff company his promissory note for said $700, which is the note in suit. At the time the note was delivered, Mulroney gave the company his check for $100, which check was paid. At the same time, the company issued to Mulroney a receipt for $300. The difference between the sum of $100 and the $300 called for by the receipt was not paid to the company, but was treated by both parties as retained by Mulroney as commission for sale of the stock to Mulroney. When the $700 note became due, appellant company issued a certificate to Mulroney for 10 shares of its capital stock at $100 a share, in accordance with his subscription, and tendered same to Mulroney, and demanded payment of the $700 note in suit. On refusal of Mulroney to accept the stock and pay his note, this suit was instituted.

I. According to the issues stated in the stipulation, "it is

the claim of the plaintiff herein that the difference between the $100 check payment and the receipt for $300 was made up by the 20 per cent commission, as provided by the contract; and it is the contention of defendant that Mulroney, as the fiscal agent, could not legally make sale to himself and charge or be allowed by the plaintiff company the said commission of 20 per cent for making said sale; that the defendant Mulroney never has been paid any commission for the sale of the 10 shares of stock to himself, unless it be as claimed by the plaintiff that he was paid, and a credit given on the receipt.''

The trial court held that the transaction did not arise under the agency contract providing for a commission, and that the stock subscribed for by Mulroney could not be legally issued, because the statutes had not been complied with, and rendered judgment against appellant for costs, from which judgment this appeal is taken.

II. Error relied upon for reversal is that, under the agency contract, appellee, Mulroney, was entitled to deduct 20 per cent from the price of the stock subscribed for by him and sold to him, and to retain that amount, and that the court erred in dismissing appellant's petition and entering judgment against appellant for costs.

1. CORPORATIONS: subscription to stock: defense to note.

We are inclined to agree with the contention of appellee and the holding of the court, that Mulroney could not be an agent and principal at the same time in the transaction involved. Manifestly, he was not an agent in the transaction. In a sense, the company and Mulroney both assumed that the transaction was under the agency contract, in that the company, by giving Mulroney its receipt for $300, when he had paid them only $100, recognized that Mulroney was entitled to a 20 per cent commission, and Mulroney, in accepting the receipt for $300 when he had paid the company only $100, acknowledged the receipt of $200 commission. But it seems to us that the whole discussion of whether the transaction was between the company as principal and Mulroney as agent, or whether it was between the parties both as principals, is beside the question. Mulroney subscribed for $1,000 of stock; he paid the company $100 in cash, executed the note in suit for $700, and claimed

from the company $200 as compensation for disposing of the $1,000 of its stock,—which he did dispose of,—and received credit on his subscription for said $200. We think that Mulroney's liability on the note in suit is in no manner affected by whether or not he acted as agent in disposing of the stock to himself. He was liable on the note in either event. Mulroney claimed that, in subscribing for the 10 shares of stock, he was not acting under his agency contract, because he could not be and act as an agent for himself in the transaction. Mulroney did subscribe for the stock. If he did not make such subscription as an agent, the alternative is that he subscribed for the stock as a principal; and in such transaction, both the company and Mulroney were principals. In either event, it does not lie with Mulroney, after accepting credit for $200 as compensation for disposing to himself of $1,000 in stock which he had for sale, to say that the note which he gave for balance payment of the stock, after paying the company $100 in cash and receiving credit for $200, is void. Such position is neither fair nor tenable.

III. It is the claim of appellee, in support of the judgment of the trial court, that the stock subscribed for by Mulroney could not be legally issued, because the statutes, Sections 1641-b and 1641-d, Code Supplement, 1913, had not been complied with, in that the executive council had not fixed the value of the property given for the stock. Applying particularly to the note in suit, the claim is that said note had not been appraised by the executive council. It is not claimed that the amount of the commission was excessive for services in selling stock. Neither is it contended that the company would suffer any financial loss by such sale. No question is made concerning the execution and tender of the certificate and demand for payment. No fraud is claimed. The material provision of Section 1641-b is:

2. CORPORATIONS: subscription to stock: nonnecessity to appraise note.

"If it is proposed to pay for said capital stock in property or in any other thing than money, the corporation proposing the same must, before issuing capital stock in any form, apply to the executive council of the state of Iowa for leave so to do."

The material portion of Section 1641-d is:

"The capital stock of any corporation issued in violation of the terms and provisions hereof shall be void."

In *First Nat. Bank v. Fulton,* 156 Iowa 734, we had occasion to construe the statutes, where a promissory note was given as part payment for stock, wherein it was claimed that there was want of consideration. We said:

"Was the note void as in violation of Section 1641-b, supra? We think not.. The clear purpose of such section of the statute is to protect the corporation, as such, against the issue of its corporate stock in payment for property or services or other thing at fictitious valuations. 'If it is proposed to pay for said capital stock in property or in any other thing than money,' it is made the duty of the executive council to 'ascertain the real value of the property or any other thing which the corporation is to receive for the stock.' Granting that the spirit and letter of this statute might be violated by issuing stock for promissory notes, no such case is presented here. Nor in any event do we think the statute could be made available as a weapon in favor of the makers of notes, except for fraud or for want of consideration. These grounds we consider later. In the case before us, the maker was solvent, and the note was good. It was in itself a proposal and a promise to pay in money. There was no occasion for its valuation. It was executed and delivered before the delivery or issue of the stock. The statute, therefore, had not been violated at the time of the delivery of the note. The statute only forbids the issuance of the stock 'until the corporation has received the par value thereof.' The statute does not forbid the execution of a promise to pay the par value of the stock in advance of the issuance thereof. It cannot be said, therefore, that the note was void as having been executed in violation of this statute."

In *Sherman v. Smith,* 185 Iowa 654, in dealing with this question, we said:

"The failure to have the approval of the executive council has been dealt with in this court, and it was held, in *First Nat. Bank v. Fulton,* 156 Iowa 734, that the clear purpose of the particular statute provision dealing with this point was 'to protect the corporation, as such, against the issue of its corporate stock in payment for property or services or other things at

fictitious value.' And it is expressly ruled that a note given for corporate stock issued in violation of this provision may be collected.''

Appellee seems to rely upon *Tramp v. Marquesen,* 188 Iowa 968. The transaction involved in the *Tramp* case is unlike the transaction in the instant case. In the *Tramp* case, there was no pretense of sale of the stock for par value. The attempted sale of stock was for two thirds only of the par value: that is, the contract of subscription provided for the delivery of 30 shares of stock of $100 each to defendant, for a subscription price of $2,000. In the instant case, the subscription was for the stock at par value. Defendant, Mulroney, agreed to pay par value for the stock. The only claim that the sale to Mulroney was for less than par was that a $200 commission was allowed to Mulroney.

We reach the conclusion that the defenses made to the note considered in this case were not available to appellee. Results in reversal, and the case is—*Reversed and remanded.*

PRESTON, C. J., EVANS and FAVILLE, JJ., concur.